IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONNIE LEE SMITH
ADC #134161                                                                                                  PETITIONER

VS.                                      5:07CV00078 WRW/JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### I.  Background

Pending before the Court is Respondent's Motion to Dismiss (docket entry #15) this § 2254 habeas action, without prejudice. Petitioner has filed a Response opposing this Motion. (Docket entry #22.) Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion, the Court will briefly review the relevant procedural history giving rise to Petitioner's habeas claims. On August 24, 2005, a Judgment and Commitment Order was entered in Benton County Circuit Court reflecting Petitioner's convictions of six felony counts in three separate cases: (1) Case No. CR2003-342-1 - one count of possession of drug paraphernalia with intent to manufacture; (2) Case No. CR2003-968-1A - one count of possession of drug paraphernalia with intent to manufacture, one count of possession of methamphetamine, and one count of possession of drug paraphernalia; and (3) Case No. CR2005-45-1C - one count of

manufacture of methamphetmaine and one count of possession of drug paraphernalia. (Docket entry #2 at E-27-31.) According to the Judgment and Commitment Order, on August 8, 2005, Petitioner pleaded guilty to all of the offenses and was sentenced to an aggregate of 240 months in the Arkansas Department of Corrections. (Docket entry #2 at E-26.)

On September 20, 2005, Petitioner filed a Motion for Rule 37 relief with the trial court. According to Petitioner, he raised the following grounds for postconviction relief: (1) the statutory requirement that he serve 70% of his sentence before parole eligibility was "illegal"; (2) his guilty plea was not voluntary; and (3) his sentence violated the Eighth Amendment. (Docket entry #2 at 4.) Some time in July of 2006, Petitioner moved for leave to amend his Rule 37 Petition to raise ineffective assistance of counsel claims based on his trial attorney 's failure to file: (1) a motion to suppress in all three cases; and (2) a direct appeal in Case No. CR2003-342-1.[1] (Docket entry # 2 at E-4-15.)

On August 23, 2006 Petitioner filed a *pro se* Motion for Belated Appeal with the Arkansas Supreme Court. (Docket entry #2 at E-16-24.) In his Motion, Petitioner alleged that he had been convicted *following a jury trial* in Case No. CR2003-342-1, and that counsel had not appealed that conviction as he had been instructed.[2] Petitioner claimed that he was deprived of effective assistance of counsel when his lawyer did not file a notice of appeal as instructed, and that he had not waived

---

[1] According to letters submitted by Petitioner, he wrote his lawyer on three separate occasions (December 15, 2005, March 21, 2005, and April 17, 2006) asking about the status of his appeal in his "jury trial case." (Docket entry #2 at E-3-5.) Petitioner contends he received no response to the letters he mailed. In April of 2006, the Benton County Circuit Clerk wrote Petitioner and informed him that his attorney had not filed a notice of appeal. (Docket entry #2 at E-26.)

[2] This Motion called into question the validity of the August 8, 2005 Judgment and Commitment Order which recited that Petitioner had *pled guilty* to all of the charged offenses.

his right to appeal. Petitioner also argued that the procedural rules, which required him to proceed *pro se* to obtain permission for a belated appeal, were unconstitutional under the Sixth and Fourteenth Amendments.

On October 5, 2006, Petitioner filed a Motion for Correction of Judgment with the trial court. (Docket entry #2 at E-37-39.) Petitioner claimed that, after obtaining a copy of his Judgment and Commitment Order to pursue his Motion for Belated Appeal with the Arkansas Supreme Court, he learned that his Judgment and Commitment Order erroneously reflected that the conviction in Case No. CR2003-342-1 was the result of a guilty plea, when in fact he was convicted following a jury trial.[3] Thus, Petitioner requested the trial court to correct the Judgment to reflect the fact he was convicted following a jury trial in Case No. CR2003-342-1.[4]

On October 12, 2006, the Arkansas Supreme Court denied Petitioner's Motion for Belated Appeal. *Smith v. State*, 2006 WL 2921370 (Ark. 2006) (unpublished *per curiam*). Although the Court acknowledged Petitioner's contention that he was convicted following a jury trial, "the certified copy of the judgment and commitment order reflected that petitioner entered a plea of guilty." *Id.* Thus. Petitioner had no right of direct appeal:

---

[3]Petitioner contends he did not realize that the Judgment and Commitment Order reflected a guilty plea in Case No. Case No. CR2003-342-1 until he received a letter, dated August 23, 2006, from the Arkansas Supreme Court Criminal Justice Coordinator. This letter advised him that, while he had stated in his Motion for Belated Appeal that he was convicted in a jury trial, the certified copy of the Judgment and Commitment Order reflected that he had entered a guilty plea. (Docket entry #2 at E-36.)

[4]On September 8, 2006 Petitioner wrote the trial court a letter regarding the Judgment in CR-2003-341-1. On September 12, 2006, the trial court's case coordinator wrote Petitioner stating that the Judgment and Commitment Order was "correct" and that further questions should be directed to his lawyer. (Docket entry #2 at E-41.)

> Arkansas Rules of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a plea of guilty, except in those instances where the defendant has entered a conditional plea of guilty, reserved in writing, to appeal an adverse determination of a pretrial motion to suppress evidence. Petitioner does not contend, and the record does not reflect, that his plea of guilty was conditional. As a result, there was no right to appeal from the August 24, 2005, judgment, and the motion for belated appeal is baseless. Accordingly, the motion is denied.

*Smith*, 2006 WL 2921370 at *1.

On February 23, 2007, Petitioner filed a Motion for Rule on the Clerk with the Arkansas Supreme Court, where he again requested permission to proceed with a belated appeal, arguing that the Judgment and Commitment Order incorrectly reflected a guilty plea in Case No. CR2003-342-1, and that he had not been able to get his trial lawyer or the trial court to correct the Judgment. On March 15, 2007, the Court denied Petitioner's Motion:

> We first note that if there was indeed an error in the judgment, it was petitioner's responsibility to obtain an amended judgment. As to petitioner's desire to proceed with a second motion for belated appeal of the judgment that was contained in the record before this court, motions for belated appeal are filed pursuant to Ark. R. App. P.-Crim. 2(e), and we have held that a convicted defendant is not entitled to proceed under Rule 2(e) with a subsequent motion after a request to proceed with a belated appeal has been denied. *Hughes v. State*, 284 Ark. 177, 680 S.W.2d 101 (1984) (per curiam).

*Smith*, 2007 WL 776806 at *1 (Ark. 2007) (unpublished *per curiam*).

On April 13, 2007, Petitioner filed this habeas action (docket entry #2) in which he argues that he was denied his right to direct appeal and to effective assistance of counsel on appeal. In Respondent's Motion to Dismiss Without Prejudice (docket entry #15), he contends that, because Petitioner has not exhausted his habeas claims in state court, this action must be dismissed.

For the reasons discussed below, the Court agrees that Respondent's Motion has merit and recommends that the case be dismissed, without prejudice.

## II. Discussion

In his Motion to Dismiss, Respondent *admits* that, on July 13 and 14, 2005, Petitioner was tried and convicted by a jury in Case No. 2003-342-1. (Docket entry #15 at ¶ 2.) Thus, Respondent now acknowledges that the August 8, 2005 Judgment and Commitment Order is erroneous in stating that Petitioner "pled guilty" to the charges in Case No. 2003-342-1. Nevertheless, Respondent argues that this habeas action must be dismissed, without prejudice, because Petitioner's claims in his Rule 37 Petition and Motion for Correction of Judgment still remain pending before the trial court and have not yet been decided.

In his Response, Petitioner admits that he raised this claim in his still pending Rule 37 Petition and Motion for Correction of Judgment but argues that these Motions should now be deemed to be futile and moot for purposes of the exhaustion requirement. (Docket entry #22 at 15-16.) According to Petitioner, neither Rule 37 nor the Motion to Correct Judgment provide a remedy "from being denied his first appeal of right due to denial of counsel and effective assistance of counsel on appeal." Petitioner contends that he properly raised the issue of the Judgment in Case No. 2003-342-1 being erroneous in two separate Motions seeking permission from the Arkansas Supreme Court to proceed with a belated appeal. Petitioner claims that the state trial court now effectively lacks the ability to grant him the relief requested in the pending Motion for Correction of Judgment based on the Arkansas Supreme Court's prior decision denying his request to proceed with a belated appeal based on the erroneous Judgment and Commitment Order in Case No. 2003-342-1.

Petitioner is correct that a prisoner in a § 2254 habeas action can avoid the exhaustion requirement if state court remedies appear to be futile. *See Piercy v. Black*, 801 F.22d 1075, 1078

(8th Cir. 1986). "The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim, not whether the state court would decide in favor of the petitioner on the merits." *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984).

Under Arkansas law, the proper procedure to pursue a belated appeal, based upon an allegation of ineffective assistance of counsel, is a Motion for Belated Appeal filed with the Arkansas Supreme Court, *not* a Petition for Rule 37 Relief filed in the trial court.[5] The Court's self-described practice, upon receipt of a Motion for Belated Appeal, is as follows:

---

[5]Under the former version of Rule 37, there was a 3-year statute of limitations for filing a postconviction claim in the trial court, while there was an 18-month time limit for filing a motion requesting a belated appeal in the Arkansas Supreme Court (which was then codified as Rule 36.9 of the Arkansas Rules of Criminal Procedure). Under this procedure, the Arkansas Supreme Court held that a petitioner alleging that counsel was ineffective in failing to pursue a direct appeal could not use Rule 37 to "bypass" the belated appeal procedure. *See e.g. Lomax v. State*, 285 Ark. 540, 688 S.W.2d 283 (1985) ("if it were construed to be so, an appellant could simply ignore the rule limiting the time for filing a motion for belated appeal in favor of filing a Rule 37 petition which may be filed at any time up to three years from the date of the date of commitment."); *but see Bell v. State*, 287 Ark. 430, 700 S.W.2d 788 (1985) (holding that *coram nobis* could not be used to raise claim that attorney failed to appeal because "[w]hatever remedy [petitioner] had for his attorney's failure to appeal could have asserted under Rule 37, but the three-year limitation was allowed to lapse"). Furthermore, in *Gray v. State*, 277 Ark. 442, 642 S.W.2d 306 (1982), the Court rejected the notion that a trial court had concurrent jurisdiction to entertain a motion for belated appeal based on ineffective assistance, holding that "only the Supreme Court has authority to grant a belated appeal."

The Eighth Circuit has recognized that, under Arkansas law, a "criminal defendant who has been denied a direct appeal due to an attorney error can seek relief under Rule 36.9(e), which permits the defendant to apply to the Arkansas Supreme Court for a belated appeal." *Hughes v. State*, 77 F.3d 486 at *1 (8th Cir. 1995) (unpublished decision).

Under the current language of Rule 37, the limitations period for filing a Rule 37 petition is actually *shorter* than the 18-month period for filing a motion for belated appeal, now codified as Rule 2(e) of the Arkansas Rules of Appellate Procedure-Criminal. *See Ross v. State*, 346 Ark. 8, 53 S.W.3d 519 (2001) (trial court's order granting motion for belated appeal after counsel admittedly failed to file timely notice of appeal was of "no effect" because "all motions for belated appeal must be filed in the Supreme Court, not the trial court.").

> It is the practice of this court when a *pro se* motion for belated appeal is filed and the record does not contain an order relieving trial counsel to request an affidavit from the trial attorney in response to the allegations in the motion. The affidavit is needed to act on a motion for belated appeal because Ark. R.App. P.-Crim. 16(a) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Nevertheless, a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty days allowed for filing a timely notice of appeal under Ark. R.App. P.-Civ. 4(a). *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (*per curiam*).

*Hall v. State*, 2006 WL 1032392 (Ark. 2006) (unpublished *per curiam*).

Importantly, in this case, the certified record which Petitioner presented to the Arkansas Supreme Court did *not* reflect his entitlement to a direct appeal because the Judgment and Commitment Order *erroneously* reflected a *guilty plea* in Case No. 2003-342-1. In Petitioner's second Motion for Belated Appeal, the Arkansas Supreme Court noted that it was Petitioner's responsibility to obtain an amended judgment from the trial court if, in fact, there was an error in the Judgment and Commitment Order.

Because Respondent now *admits* that Petitioner was found guilty by a *jury* in Case No. 2003-342-1, Petitioner's postconviction Motion for Correction of Judgment, which is *still pending* before the trial court, provides him with an opportunity for the trial court to amend the Judgment and Commitment Order to correct the error the state now acknowledges. The Arkansas Supreme Court will then have the benefit of those *new facts* in deciding whether Petitioner is entitled to a belated appeal. *Cf. Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002) (rejecting law-of-the-case procedural bar in a third motion for belated appeal, after the Court had twice denied petitioner permission to pursue a belated appeal, because the trial court had conducted a hearing on remand and made factual findings regarding whether Petitioner had instructed his lawyer to file a notice of appeal

- "this is the first time we have had the opportunity to examine the determinations of facts made by the trial court following our remand").

Thus, the Court concludes that unexhausted state court remedies still remain available to Petitioner in connection with the habeas claims raised in his § 2254 Petition. Specifically, Petitioner's postconviction Motion for Correction of Judgment remains pending in the Benton County Circuit Court. Until he obtains a final ruling from the state trial court on that Motion, and files a Motion for Belated Appeal with the Arkansas Supreme Court and obtains a final decision on that Motion, Petitioner cannot proceed with this habeas action. If he is unable to obtain a ruling from the Benton County Circuit Court, Petitioner should file a Petition for a Writ of Mandamus with the Arkansas Supreme Court, along with a certified copy of the record. *See e.g., Smith v. Maggio*, 2005 WL 1249201 (Ark. 2005) (ordering State to respond to petition for writ of mandamus where postconviction motion to correct mistake in judgment had been pending for almost three years)*; Ladwig v. Davis*, 340 Ark. 415, 10 S.W.3d 461 (Ark. 2000) (issuing writ of mandamus compelling the trial court to rule on a Rule 37 petition that had been pending for three years).

Accordingly, the Court recommends that Respondent's Motion to Dismiss be granted, and that the case be dismissed, without prejudice.[6]

---

[6]Petitioner has also filed a Motion to Compel requesting production of the record in his trial and guilty plea proceedings. (Docket entry #18.) Because the Court recommends that this case be dismissed without prejudice, the Court recommends that Petitioner's Motion to Compel be denied, as moot.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Respondents' Motion to Dismiss (docket entry #15) be GRANTED, and the case be DISMISSED, WITHOUT PREJUDICE.

2.	Petitioner's Motion to Compel (docket entry #18) be DENIED, AS MOOT.

Dated this 3rd day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Respondents' Motion to Dismiss (docket entry #15) be GRANTED, and the case be DISMISSED, WITHOUT PREJUDICE.

2.	Petitioner's Motion to Compel (docket entry #18) be DENIED, AS MOOT.

Dated this 3rd day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE